UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Case No. 24-CR-534 (LLA) |
| WENDELL SMITH, | : |
| Defendant. | : |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits this sentencing memorandum to assist the Court's consideration of sentencing in this case. Pursuant to the Rule 11(c)(1)(C) Plea Agreement, and for the reasons outlined below and in consideration of the factors set forth in 18 U.S.C. § 3553(a), the Government requests that the Court impose a sentence of 37 months of imprisonment and three years of supervised release.

### FACTUAL AND PROCEDURAL BACKGROUND

**I.      The Offense Conduct**

As summarized in the Statement of Offense in Support of Defendant's Plea of Guilty (ECF No. 18 at 2-5) and the Presentence Investigation Report ("PSR") (ECF No. 22, ¶¶ 17-27), Mr. Smith pleaded guilty for his unlawful possession of a loaded firearm on November 4, 2024, in the District of Columbia.

Specifically, at approximately 12:52 p.m., law enforcement conducting surveillance observed Mr. Smith depart his apartment building, located at 1900 Half Street SW, Washington, D.C., driving a black Mercedes-Benz sedan bearing Maryland temporary tag #T2040494 (the "Smith Vehicle"). A short time later, United States Park Police ("USPP") officers observed the Smith Vehicle speeding on the Suitland Parkway in the vicinity of Alabama Avenue SE in the

District of Columbia. USPP officers activated their emergency equipment and conducted a traffic stop of the Smith Vehicle, which stopped on the Suitland Parkway just east of the Southern Avenue underpass.

After the Smith Vehicle was stopped, approaching law enforcement officers observed the driver, subsequently identified as defendant Wendell Smith, reach to his right side toward the area of the front passenger's seat. Mr. Smith was the driver, owner, and sole occupant of the Smith Vehicle. Mr. Smith stated, in sum and substance, that he apologized for speeding and had just recently purchased the vehicle. Officers observed that Mr. Smith did not have any documents in his hands upon the officers' approach to the Mercedes, which arose their suspicion that Mr. Smith may have tried to conceal something when he reached to his right side. Officers requested that Mr. Smith step out of the vehicle.

A law enforcement K-9 unit trained to detect the odor of controlled dangerous substances conducted a scan of the Smith Vehicle and gave a positive indication for the presence of such substances at the vehicle. Officers then conducted a search of the Smith Vehicle, during which law enforcement located a black backpack on the front passenger's seat (the area where Mr. Smith was previously seen reaching) that contained items including, but not limited to, the following:

    a. a black Glock 27, .40 caliber firearm, bearing Serial No. RDV333, loaded with 13 rounds of .40 caliber ammunition in a 13-round capacity magazine;

    b. a black firearm holster;

    c. a Service Cleaners receipt for a customer named "SMITH, W," dated October 31, 2024; and

    d. a vehicle warranty Declaration Page for the Mercedes, with a Contract Purchase date of November 2, 2024, signed by "Wendell Smith"; and

    e. six cellular telephones.



*Firearm, ammunition, and holster located in the backpack*

In addition, law enforcement located a Maryland Temporary Registration Certificate for the Smith Vehicle, registered to Mr. Smith as the Owner, with a Date of Delivery of November 2, 2024. Law enforcement also located a bag on the front passenger's seat floorboard that contained a sum of United States currency that was later determined to be $78,141.



*Bag containing bulk United States currency on the front passenger floorboard*

Subsequently on the evening of November 4, 2024, law enforcement executed a search warrant at Mr. Smith's residence, located at 1900 Half Steet SW, Apartment 210, Washington, D.C. During the execution of the search warrant, law enforcement located items including, but not limited to, the following:

3

a. mail matter and other documentation bearing Mr. Smith's name;

b. $28,183 of United States Currency;

c. 29 boxes of Suboxone strips, which contain a Schedule III controlled substance;

d. approximately one pound of marijuana, including marijuana packaged in numerous smaller packages in a manner consistent with distribution;

e. 438 rounds of 9mm ammunition;

f. plastic wrap, heat sealer, and other packaging supplies;

g. multiple radio frequency detection devices; and

h. two cellular telephones.



*Box of 9mm ammunition*



*Boxes of Suboxone strips*

4




*Bags containing large quantity of marijuana*




*Radio frequency detection devices*

Mr. Smith is prohibited from possessing firearms and ammunition under federal law due to multiple prior felony convictions for offenses punishable by more than one year of imprisonment. *See* 18 U.S.C. § 922(g)(1); PSR ¶¶ 47, 49, 50.

## II.     Procedural History

On November 5, 2024, Mr. Smith was charged by a criminal Complaint for a violation of 18 U.S.C. § 922(g)(1), Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year. ECF No. 1. On November 21, 2024, an Indictment was returned charging Mr. Smith for the same offense. ECF No. 8. On April 18, 2025, Mr. Smith pleaded guilty to Count 1 of the Indictment pursuant to a Rule 11(c)(1)(C) Plea Agreement. *See* April 18, 2025 Minute Entry; ECF Nos. 17-18. As set forth in the Plea Agreement, the parties agree that a sentence of 30 to 37 months of imprisonment,

5

followed by a three-year term of supervised release, is an appropriate sentence in this case. Mr. Smith has been detained since his arrest in this case.

## ANALYSIS

**I.      Relevant Sentencing Considerations**

The Court should fashion a sentence based on the statutory sentencing factors enumerated in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 50 (2007). These factors include: (1) the Sentencing Guidelines and related Sentencing Commission policy statements; (2) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; and (4) the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005); *United States v. Brown*, 892 F.3d 385, 399 (D.C. Cir. 2018).  Indeed, the Guidelines provide "the starting point and the initial benchmark" for sentencing.  *Gall v. United States*, 590 U.S. 38, 49 (2007); *see also United States v. Dorcely*, 454 F.3d 366, 375 (D.C. Cir. 2006) ("*Booker* has not changed how the Guidelines range is to be calculated."). Moreover, the Guidelines' recommended sentencing range will ordinarily "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007); *Dorcely*, 454 F.3d at 376 (noting that "a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness").

II. **Defendant's Sentencing Guidelines Calculation**

The Parties and United States Probation are all in agreement that Mr. Smith's Criminal History Score is six points, which translates to Criminal History Category III, as estimated by the Parties in the Plea Agreement. PSR ¶¶ 52-54.

The Government agrees with Probation's assessment of the applicable Sentencing Guidelines in this case, including specifically that the Base Offense Level for the offense is 24, pursuant to U.S.S.G. § 2K2.1(a)(2), and the final adjusted Total Offense Level is 21 after a 3-point reduction for the defendant's acceptance of responsibility. PSR ¶¶ 31-42. As a result, at Offense Level 21 and Criminal History Category III, the applicable Guidelines range is 46 to 57 months of imprisonment. This Guidelines computation differs from the Parties estimated Base Offense Level in the Plea Agreement (an estimated a Base Offense Level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) and a final adjusted Total Offense Level of 17), which translated to an estimated Guidelines range of 30 to 37 months of imprisonment.

III. **Sentencing Recommendation**

Consistent with the Plea Agreement, the Government respectfully submits that the statutory sentencing factors enumerated in 18 U.S.C. § 3553(a) support a sentence of 30 to 37 months of imprisonment in this case, followed by a 3-year term of supervised release to support and supervise Mr. Smith's reentry into the community. The Government recommends that the Court impose a term of imprisonment of 37 months, primarily to reflect the serious nature of the offense, Mr. Smith's criminal history, and to deter Mr. Smith and others from committing such offenses in the future.

As noted above, Mr. Smith is Criminal History Category III with multiple prior convictions for violent crimes and drug offenses. Mr. Smith has served significant terms of imprisonment for

those convictions, especially for his prior convictions for murder and related offenses in D.C. Superior Court Case No. 1988 FEL 008497 (PSR ¶ 49), for which he was also serving a term of probation at the time of the instant offense. However, it is also noteworthy that prior to this case, Mr. Smith has not been convicted of another offense since his March 1994 arrest that resulted in an Assault conviction in July 1995. PSR ¶ 51.

Nonetheless, despite having spent the vast majority of his adult life in prison, and being on probation following his compassionate release in Case No. 1988 FEL 008497, Mr. Smith was apparently undeterred from additional criminal conduct when he illegally armed himself with a loaded firearm and ammunition on November 4, 2024. Though there is no evidence that Mr. Smith intended or committed any violent acts, his criminal history and probation status warrant a 37-month sentence of imprisonment in this case to reflect the danger posed to the community by illegal firearms, to provide just punishment, and to provide additional necessary deterrence for Mr. Smith and others similarly situated to not illegally arm themselves with firearms and ammunition in the future. Mr. Smith's criminal conduct was both serious and posed a danger to others in the community. Here, a 37-month sentence strikes the proper balance between the nature of Mr. Smith's conduct, acknowledgement of his serious criminal history as well as the significant time period since his last conviction, and consideration of his personal circumstances and history.

The Government also recommends that Mr. Smith be sentenced to three years of supervised release following his release from the term of imprisonment in this case. The Government believes that, particularly given Mr. Smith's personal history and prior terms of imprisonment served, a significant three-year term of supervised release after imprisonment would provide necessary support, supervision, and opportunity for his reentry and rehabilitation.

## CONCLUSION

For the reasons described above, the Government respectfully recommends that the Court impose a sentence of 37 months of imprisonment, to be followed by three years of supervised release.

                                              Respectfully submitted,

                                              JEANINE FERRIS PIRRO
                                              United States Attorney

                        By:     */s/ Thomas G. Strong*
                                THOMAS G. STRONG
                                Assistant United States Attorney
                                601 D Street NW
                                Washington, DC 20530
                                202-252-7063
                                thomas.strong@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing to be served upon counsel of record via the Electronic Case Filing (ECF) system on July 11, 2025.

                        By:    */s/ Thomas G. Strong*
                                   Thomas G. Strong
                                   Assistant United States Attorney